IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| **Edgar Contreras,** | ) | Case No. 19-33724 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |

## RESPONSE TO MOTION TO LIFT THE AUTOMATIC STAY

NOW COMES the Debtor, Edgar Contreras, by and through his attorneys Cutler & Associates, Ltd., in for his Response to Motion to Lift the Automatic Stay, states and alleges as follows:

1. Creditor, Gunnison Condominium Association ("Association") filed its motion for relief from the automatic stay on January 8, 2020.

2. In its motion, the Association alleges that the Debtor is behind in post-petition payments to be made by the Debtor to the Association. The Debtor has cured this default and is current with all post-petition payments to the Association.

3. In its motion, the Association further alleges that the Debtor is behind in pre-petition payments to the Association. In addition, the motion sets forth some of the facts of prior cases and alleges that this is grounds for relief from the stay. However, these facts are merely facts, not grounds for relief. The purpose of the Debtor's Chapter 13 is to repay the debts owed to the Association and other creditors. This is the purpose of most Chapter 13 bankruptcies. The issues raised by the Association are more in the realm of objections to confirmation, not grounds for relief from the stay.

4.        The Debtor has fully provided for the Association's claim in his proposed Chapter 13 Plan. Further, in the Debtor's proposed plan, the Debtor has provided language in paragraph 8.1 that grants the Association what equates to a "no-miss order" for payments to the Association.

5.        Creditor further fails to allege that the filing of the Debtor's petition was part of a scheme to delay, hinder, or defraud creditor. It has merely been an attempt by the Debtor to save his home.

6.        Creditor alleges that it did not receive notice of the Debtor's Motion to Extend the Automatic Stay. The Debtor served notice of the Motion to Extend the Automatic Stay on all creditors as required by law. No other creditor has alleged that they did not receive notice of the motion to extend.

WHEREFORE, the Debtor, Edgar Contreras, prays for the following relief:

A.        That the Association's Motion to Lift the Automatic Stay be denied; and

B.        For such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

Dated: February 19, 2020

By: /s/ David H. Cutler
One of the attorneys for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600
cutlerfilings@gmail.com

## CERTIFICATE OF SERVICE

I, David H. Cutler, an attorney, hereby certify that on February 19, 2020, I caused a copy of the Response to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List and by U.S. Mail to Non-registrants as provided.

/s/ David H. Cutler

## SERVICE LIST

Registrants
(Via CM/ECF)

- Peter C Bastianen  ND-Four@il.cslegal.com
- Grant W Simmons  ND-Two@il.cslegal.com
- Patrick S Layng  USTPRegion11.ES.ECF@usdoj.gov
- Tom Vaughn  ecf@tvch13.net, ecfchi@gmail.com
- Andrew A Girard  agirard@girardlawgroup.com